JOSEPH SALAMY, Doing Business under the Trade Name and Style of EQUITY SPECIALTY SHOP, Appellant, *v.* ALICE SORGEUS and Another, Copartners, Doing Business under the Firm Name and Style of EQUITY GOWN SHOP, Respondents.

First Department, June 5, 1925.

**Trade-marks and trade names — unfair competition — action by " Equity Specialty Shop " to restrain defendants from using name " Equity Gown Shop "— injunction pendente lite — both parties are engaged in sale of women's apparel — defendants' store is separated from plaintiff's by very small store — physical appearance of defendants' store designed to create confusion — evidence shows that confusion has occurred — temporary injunction granted.**

In an action by the plaintiff, doing business under the trade name " Equity Specialty Shop," to restrain the defendants from using the name " Equity Gown Shop " in connection with their business of selling women's apparel, which action is based on the ground of unfair competition, an injunction *pendente lite* should have been granted, since it appears that defendants established their store in the same block and on the same side of the street as plaintiff's store; that the two stores are separated by a very small store; that the situation of the two stores is such as to lead customers to believe that both stores are but one establishment; that the physical appearance of defendants' store was apparently designed to create confusion in the minds of buyers, especially those not very familiar with the plaintiff's store, and that confusion has already resulted in the mail addressed to one or the other of the parties.

MERRELL, J., dissents.

APPEAL by the plaintiff, Joseph Salamy, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of March, 1925, denying his motion for a temporary injunction in an action brought to restrain the defendants from using the name of Equity Gown Shop.

*Ferris, Shepard, Joyce & McCoy [Woolsey A. Shepard of counsel],* for the appellant.

*Abraham J. Halprin,* for the respondents.

MCAVOY, J.:

An order was made at Special Term denying the motion of plaintiff for an injunction pending the trial in a suit brought to restrain the defendants from using the name " Equity Gown Shop " within a radius of ten blocks from the place of business of plaintiff and from using any name or style similar to the trade name of the plaintiff. The business of plaintiff is selling ladies' hosiery, underwear, gowns and ladies' similar apparel.

The plaintiff has been engaged in this business since October,

1922, at 201 West Forty-seventh street, and carries on the business under the registered trade name of " Equity Specialty Shop." On the 28th of February, 1925, the defendants formed a partnership and opened a shop at 203 West Forty-seventh street and conducted the business under the registered name of " Equity Gown Shop."

It is claimed that the similarity of the two names in a line of business of like character carried on by each of the parties tends toward a likelihood of confusion in the minds of prospective customers and others dealing with these parties.

Besides the similarity of the two names, the locality of the two premises makes the confusion almost certain. Both stores are located on the north side of West Forty-seventh street in the short block between Seventh avenue and Broadway. There are four stores on the entire block, one of which is the plaintiff's. To the west is a small store of very narrow width and then comes the store of the defendants. While there are four stores, there are only three numbered premises. The photographs submitted indicate a situation in which the defendants' shop is so close to that of the plaintiff's that any one walking by might easily consider them as one establishment. The defendants also carry on their show window " Equity " written out twice in script. The physical appearance, therefore, of the defendants' shop is apparently designed to create confusion in the minds of buyers who intend to purchase articles of wearing apparel from the plaintiff, but whose acquaintance with the shop is derived from others through its name, and who have no means of identifying the one shop from the other. Plaintiff has carried on the business in which he is engaged for three years and has built up a trade and secured customers from all sections of the city and from places out of town. While there are some articles of apparel which the plaintiff carries and which defendants have not yet undertaken to sell, both parties sell women's gowns and their trade is likely to conflict in respect of these articles. Besides, letters and other matter mailed through the post office have been delivered to the plaintiff's shop when intended for the other shop, and goods intended for the plaintiff's shop have been delivered to the defendants' shop. Much of the mail matter includes what is known as mail order business, and plaintiff receives from time to time money orders payable to Equity Shop, West Forty-seventh street, with no street number. To continue thus to trade with like names is sure not only to cause confusion but to bring about a loss of patronage in this manner through the defendants, even though inadvertently, filling orders not intended for them. Nor is there any sufficient reason why the defendants should

11

appropriate without the plaintiff's consent the term " Equity " as a designation for their business. It has no general significance in the trade which would make its adoption advantageous to establishments engaged in this line of business. There seems to be no other reason for adopting this name and locating beside plaintiff's store than to obtain the benefit and advantage which the reputation and good will established by plaintiff would insure from the beginning because of the similarity of names.

The nearness of location, the similarity in type of business and the proof that confusion has already arisen make out a *prima facie* case establishing unfair competition on the part of the defendants.

The motion should have been granted, and the unfair proceeding should be restrained. The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion for an injunction granted enjoining the defendants from the use of the name " Equity " in connection with their business pending the trial of this action.

CLARKE, P. J., DOWLING and FINCH, JJ., concur; MERRELL, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion for an injunction granted enjoining the defendants from the use of the name of " Equity " in connection with their business pending the trial of this action. Settle order on notice.